DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Fulton County Court of Common Pleas following appellant's guilty pleas to involuntary manslaughter and aggravated vehicular assault. Because we conclude that the trial court did not abuse its discretion in sentencing appellant, we affirm.
At a motion hearing on March 29, 2000, appellant, Rogelio Chapa, pled guilty to one count of involuntary manslaughter, with specifications, in violation of R.C. 2903.04(B), and one count of aggravated vehicular assault, with specifications, in violation of R.C. 2903.08.
A sentencing hearing was held on June 16, 2000. At the hearing, it was revealed that appellant had five prior DUI convictions. In the present case, appellant's actions resulted in the death of one individual and the serious injury of another individual. On the count of involuntary manslaughter, the trial court imposed the maximum sentence of five years. On the count of aggravated vehicular assault, the trial court imposed the maximum sentence of eighteen months. The trial court also determined that the sentences were to be served consecutively. Appellant now appeals that judgment, setting forth the following assignments of error:
 "THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE FOR VIOLATION OF R.C. 2903.04(B) AND R.C. 2903.08."
 "THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW AND THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES."
 I.
In his first assignment of error, appellant claims the trial court abused its discretion by imposing maximum sentences on his convictions of involuntary manslaughter and aggravated vehicular assault.
R.C. 2929.12 lists the factors a trial court must consider when imposing sentence.[1] If an offender has not previously served a prison term, R.C. 2929.14(B) requires a trial court to "impose the shortest prison term authorized for the offense unless the court finds the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender." Furthermore, R.C. 2929.14(C) lists the requirements for imposing maximum sentences. In pertinent part it states:
 "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * *"
In this case, when determining whether or not to impose maximum sentences on appellant, the trial court considered the factors listed in R.C. 2929.12. The trial court also found that, pursuant to R.C.2929.14(B), imposing the shortest prison terms would demean the seriousness of appellant's offenses and would not adequately protect the public from appellant's future crimes, due to his five prior DUI convictions. Furthermore, the trial court found that, pursuant to R.C.2929.14(C), the maximum sentences were warranted because appellant committed the worst forms of the offenses and his prior criminal history showed a likelihood of recidivism.
Appellant, nevertheless, argues that the trial court erroneously considered the following two factors when imposing his sentence: (1) that appellant had six prior DUIs, and (2) that appellant was previously under community control. At the sentencing hearing, the trial court determined appellant's behavior in the present case to constitute a sixth DUI. Contrary to appellant's claim, this indicates that the trial court understood appellant's history of five prior DUIs.
In regards to the community control issue, R.C. 2929.12 allows the trial court to look at other relevant factors, not listed in the statute, when imposing sentencing. While the trial court was mistaken in stating that appellant had previously been under community control, the trial court's finding of relevant factors under R.C. 2929.12 renders, in our view, this error harmless.
Based on our reading of the record, including appellant's prior criminal history and his conduct in the present case, we conclude that the trial court complied with the sentencing requirements listed in R.C.2929.12, R.C. 2929.14(B) and R.C. 2929.14(C). Therefore, the trial court did not err in imposing maximum sentences on appellant.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
In his second assignment of error, appellant claims the trial court abused its discretion by requiring that he serve consecutive sentences. R.C. 2929.14(E)(4), in pertinent part, provides that:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court finds any of the following:
"* * *"
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct;
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
In the present case, pursuant to R.C. 2929.14(E)(4), the trial court found that consecutive sentences were necessary to protect the public from appellant's future crimes and that consecutive sentences were not disproportionate to the seriousness of the appellant's conduct. The trial court further found that the harm caused by appellant's multiple offenses was so great that no single prison term for either of the offenses adequately reflected the seriousness of his conduct.[2]
Again, based upon our review of the record, including appellant's prior criminal history and his conduct in the present case, we conclude that the trial court balanced the seriousness and recidivism factors in compliance with the sentencing requirements listed in R.C. 2929.14(E)(4). Therefore, we cannot say the trial court erred by sentencing appellant to consecutive prison terms.
Accordingly, appellant's second assignment of error is not well-taken.
The judgment of the Fulton County Court of Common Pleas is affirmed. The court costs of this appeal are assessed to appellant.
Peter M. Handwork, J., Melvin L. Resnick, J. CONCUR.
 ____________________________ James R. Sherck, J.
JUDGE
[1] R.C. 2929.12(B) includes the following in pertinent part:
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
"* * *"
We conclude that none of the factors in R.C. 2929.12(C) apply to the instant case, which indicates that appellant's conduct was more serious than normal.
As to recidivism, R.C. 2929.12(D) and (E) provide that:
 "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code, or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense.
 "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
 "(5) The offender shows genuine remorse for the offense."
[2] The trial court also found that appellant's criminal conduct demonstrated that consecutive sentences were necessary to protect the public from appellant's future crime.